THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> Defendants. | CASE NO. C22-0835-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff John Demos's objections (Dkt. No. 3) to the Report and Recommendation ("R&R") (Dkt. No. 2) of the Honorable Michelle L. Peterson, United States Magistrate Judge, recommending dismissal of Plaintiff's proposed action and denial of Plaintiff's *in forma pauperis* ("IFP") motion (Dkt. No. 1). Having thoroughly considered Plaintiff's objection and the relevant record, the Court hereby OVERRULES the objection, ADOPTS the R&R, DISMISSES the case without prejudice, and DENIES as moot the motion for IFP status.

Plaintiff seeks IFP status to file a lawsuit alleging that Defendants violated the U.S. Constitution by dropping the gold standard for currency through the 1933 Emergency Banking Act, which he claims puts him in imminent danger of having to pay various fees charged by the Washington State Department of Corrections for obtaining water, toilet paper, and hot meals. (Dkt. No. 1-1 at 5–6, 8; Dkt. No. 1-2 at 2.) However, as Judge Peterson notes, Plaintiff is a bar-

order litigant who has already surpassed his annual limit of three IFP applications and proposed actions. (Dkt. No. 2 at 1–2 (citing cases).) Judge Peterson thus recommends Plaintiff's action be dismissed without prejudice and his IFP motion be denied as moot. (Dkt. No. 2 at 2.) He objects. (Dkt. No. 3.)

A district reviews *de novo* those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when they file "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2). *Pro se* litigants' pleadings are held to a more lenient standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In objecting to the R&R, Plaintiff argues that he is in imminent danger and thus exempt from the pre-fing bar order against him. (*See generally* Dkt. No. 3); 28 U.S.C. § 1915(g) (demonstrating "imminent danger of serious physical injury" allows litigants to obtain IFP status even despite a bar order); *Demos v. United States*, Case No. CV21-1248-BJR, Dkt. No. 4 at 1 (W.D. Wash. 2021).

Plaintiff, however, makes no "plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing," *Andrews v. Cervantes*, 493 F.3d 1047, 1055, 1050 n.11 (9th Cir. 2007), because his claims of imminent danger are wholly conclusory. Claims of imminent danger that are speculative and without support are insufficient to avoid a pre-filing bar order. *Id.; see also Adams v. Newson*, 2020 WL 2561590, slip op. at 3. (E.D. Cal. 2020), *R&R adopted*, 2020 WL 6020406 (E.D. Cal. 2020). Plaintiff fails to allege any "specific factual allegations of the harm" to support his claim that the Washington State Department of Corrections is planning to charge him fees for drinking water, toilet paper, and hot meals, let alone that such fees are the result of the U.S. dropping the gold standard. (*See generally* Dkt. Nos. 1-1, 1-2, 3.)

Accordingly, the Court hereby ORDERS:

(1)     Plaintiff's objections (Dkt. No. 3) are OVERRULED.

1  (2) The R&R (Dkt. No. 2) is APPROVED and ADOPTED.

2  (3) Plaintiff's IPF motion (Dkt. No. 1) is DENIED.

3  (4) Plaintiff's proposed action (Dkt. No. 1-1) is DISMISSED without prejudice.

4  (5) The Clerk is DIRECTED to administratively CLOSE this matter and send copies

5  of this order to Plaintiff and to Judge Peterson.

6  DATED this 22nd day of July 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE